Banks, J.
This is a matter in which the plaintiff, a real estate broker, seeks a determination in the Framingham Division of the District Court Department of the relative rights and obligations of Mark Moore, Jr. and Shirish G. Desai and Charu S. Desai as the proposed purchasers and sellers, respectively, under a written agreement for the purchase and sale of a motel located in Upton, Massachusetts. The plaintiff broker is the holder of a deposit paid under that agreement.
Under the agreement, the Desais agreed to sell and Moore to purchase the said property for the total sum of $350,000.00. A deposit of $25,000.00 was given to the broker at the time of the signing of the agreement and is still held by the plaintiff, Hanlon. The balance of the pu rchase price was to be paid at the time of passing in the sum of $225,000.00 in cash and a note and a second mortgage of Moore to Desai in the amount of $100,000.00. Under the terms of that agreement, the seller was to deliver a quitclaim deed conveying good, clear and marketable title to the premises free of all encumbrances (with certain exceptions not here relevant) and in the same condition as at the time of the signing of the agreement. In the event that the seller was unable to perform as stipulated, the agreement provided:
10. If the seller shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then any payments made under this agreement shall be refunded and all other obligations of the parties hereto, shall cease and this agreement shall be void and without recourse to the parties hereto, unless the SELLER elects to use reasonable efforts to remove any defects in title, or to deliver possession as provided herein or to make the said premises conform to the provisions hereof, as the case may be in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon *9 the time for performance hereof shall be extended for a period of ninety days.
In the event that the buyer was unable to perform his obligations as stipulated in the agreement, all deposits made by him were to be retained by the seller as liquidated damages.
On or about June 1,1985, the time for passing was extended by the parties to August 14, 1985. Moore agreed to pay $10,000.00 for the extension in three equal monthly installments of $3,333.33, the last installment to be paid on August 14, 1985.
At the time and place appointed for passing on August 14,1895, a number of problems arose. From the perspective of the case as it now stands, the most important of these problems was the presence in seller’s record of title of an undischarged Notice of Lease with a provision for extension which had not expired at the time. The report indicates that additional problems involving the operation of the motel sign and certain appliances were raised at this time. A further difficulty, emphasized by the trial court, was that the buyer did not appear at the closing, but instead presented a nominee. As a result, the financial obligations of the buyer would continue to be met by the buyer, but Moore would appear on the required note as guarantor rather than' as primary obligor. Negotiations were attempted to resolve these problems and the issue of the $3,333.33 remaining unpaid under the agreement for extension of time. These negotiations proved unsuccessful and no purchase and sale of the property between the parties took place. There was some evidence at trial that the sellers considered and rejected their option under Section 10 to extend their time to clear title; in any event they did not, in fact, pursue this option. There was also evidence that at the end of the day the attorney for sellers ordered the plaintiff-broker to return the deposit to the buyer, but that this order was countermanded on the next day.
The trial court found that the buyer, Moore, was obligated to the sellers, Desai, in the amount of the $25,000.00 deposit as liquidated damages under the contract for sale, and in the amount of $3,333.33 upon the agreement.to extend the time of performance. An additional finding was made for the plaintiff broker against Moore in the amount of $1,106.95 for costs and attorney’s fees. In establishing the rights of the parties to the $25,000.00 deposit held under the purchase and sale agreement, the trial court made the following findings of fact:
There was some negotiations as to closing adjustments and to an old recorded lease but I 'find that Desais was able to substantially perform its part of the agreement. Eventually the deal fell through. T find that Desai was in a position to substantially perform the agreement and that Moore did not intend to be the buyer under the terms of the original agreement. ; . ,
The Trial Court also denied the following request for a rüling’of"law:/
5. Upon all the evidence, the seller was unable to deliver to the buyer a quitclaim' deed of the premises conveying a good and clear reco&i and marketable title free’ from encumbrances because ther& existed on the records of the Registry of Deeds a Notice of Lease’ dated April 30,1980 and recorded May 9,1980 in Book 6972, Page 309 (see Notice of Lease).
The existence in sellers’ record of title of an undischarged Notice of Lease with an extension constituted a defect that precluded the seller from conveying title as prescribed. The trial court was in error in not so ruling. *10 Downey v. Levenson, 247 Mass. 338 (1924). Even if the defect in title record had been less clear, the court would have still unnecessarily exceeded the bounds of the agreement in deciding that the sellers were in compliance by virtue of their being “substantially” able to perform. The provisions of Section 10 for an extension of time to clear title and/or bring the premises into physical conformity with the agreement are remedies for the seller who is close to compliance. The concept of “substantial performance” as a substitute for prescribed performance is not in accordance with the structure of the Purchase and Sale Agreement in this case nor does it have applicability to any action for breach of contract on a Purchase and Sale Agreement.
With respect to the installment due upon the contract for extension of time, it appears that the monies paid pursuant to this contract were not intended as part of buyers’ deposit and are, accordingly, still due and owing to the sellers.
Accordingly, the decision of the trial court is reversed as to the deposit of $25,000.00 now held by the plaintiff broker and judgment of $25,000.00 is entered for Moore. The decision is affirmed as to buyer’s obligation to sellers in the amount of $3,333.33
The question of attorney’s fees and costs to be assessed is hereby remanded to the trial court for determination in the light of the present opinion and such further costs as may have been occasioned by this appeal.
So Ordered.